**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA**

NICOLE STREETER,

          Plaintiff,

vs.

NANCY A. BERRYHILL,[1]
Acting Commissioner, Social Security
Administration,

          Defendant.

Case No. 15-CV-438-FHM

**OPINION AND ORDER**

Plaintiff, Nicole Streeter, seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits.[2] In accordance with 28 U.S.C. § 636(c)(1) & (3), the parties have consented to proceed before a United States Magistrate Judge.

**Standard of Review**

The role of the court in reviewing the decision of the Commissioner under 42 U.S.C. § 405(g) is limited to a determination of whether the record as a whole contains substantial evidence to support the decision and whether the correct legal standards were applied. *See Briggs ex rel. Briggs v. Massanari*, 248 F.3d 1235, 1237 (10th Cir. 2001); *Winfrey v. Chater*, 92 F.3d 1017 (10th Cir. 1996); *Castellano v. Secretary of Health & Human Servs.,*

---

[1] Pursuant to Fed. R. Civ. P. 25(d)(1), Nancy A. Berryhill, Acting Commissioner of Social Security Administration, is substituted as the defendant in this action. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2] Plaintiff's November 8, 2012, application for disability benefits was denied initially and on reconsideration. Plaintiff waived her right to personally appear and testify at a hearing. By decision dated January 31, 2014, Administrative Law Judge (ALJ) John W. Belcher entered the findings that are the subject of this appeal. The Appeals Council denied Plaintiff's request for review on July 22, 2015. The decision of the Appeals Council represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

26 F.3d 1027, 1028 (10th Cir. 1994).  Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).  The court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner.  *Casias v. Secretary of Health & Human Servs.,* 933 F.2d 799, 800 (10th Cir. 1991).  Even if the court would have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands.  *Hamilton v. Secretary of Health & Human Servs.,* 961 F.2d 1495 (10th Cir. 1992).

## Background

Plaintiff was 39 years old on the alleged date of onset of disability and 41 on the date of the ALJ's denial decision  She is a high school graduate with some college education. Plaintiff formerly worked as packer/sorter, boys monitor, and residential counselor.  She claims to have been unable to work since July 29, 2011 as a result of hypertension, a history of cervical, thoracic and lumbar strains, depression, anxiety, and panic attacks.

## The ALJ's Decision

The ALJ noted that Plaintiff knowingly and voluntarily in writing waived her right to personally appear and testify at a hearing.  The ALJ submitted interrogatories to a vocational expert.  The ALJ found that Plaintiff has the residual functional capacity (RFC) to perform medium work as defined in 20 C.F.R. § 404.1567(c) and 416.967(c), with the limitation of being limited to simple, routine tasks involving no more than superficial contact with coworkers and supervisors and no contact with the public.  In addition, she must avoid

unprotected heights and dangerous machinery. Although Plaintiff is unable to perform her past relevant work, based on the answers to interrogatories by the vocational expert, the ALJ determined that there are a significant number of jobs in the national economy that Plaintiff could perform with these limitations. The case was thus decided at step five of the five-step evaluative sequence for determining whether a claimant is disabled. *See Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

## **Analysis**

Plaintiff is proceeding *pro se* before this court. Plaintiff filed a document on September 8, 2016, [Dkt. 18], wherein she refers to Exhibit 8F, which is the report of a mental status examination performed by Brian R. Snider, Ph.D., psychologist on April 26, 2013. [R. 325-328]. Dr. Snider concluded, as follows:

> Ms. Streeter would probably have little difficulty understanding and carrying out simple instructions and would likely have moderate to marked difficulty with complex and detailed instructions. She is likely to have marked to severe difficulty concentrating and persisting through a normal work day due to psychiatric symptoms. Her ability to maintain a normal workday and work week without interruptions from her psychiatric symptoms is likely markedly to severely impaired. In all likelihood, she would have moderate difficulty responding appropriately to coworkers and supervisors. Ms. Streeter appears capable of managing her own funds responsibly.

[R. 327-328]. Dr. Snider recommended that Plaintiff should receive outpatient psychiatric care from a community mental health center including medication, psychotherapy, and case management. He further opined that with appropriate and consistent psychiatric care her psychiatric symptoms were expected to improve. [R. 328]. Construing Plaintiff's *pro se* submission liberally, the court reads Plaintiff's submission as challenging the ALJ's RFC

finding as being unsupported by substantial evidence because the ALJ arguably found Plaintiff to be more capable than Dr. Snider found her to be.

The existence of evidence that may also support findings contrary to the ALJ's decision does not deprive the ALJ's finding of support by substantial evidence. The court may not reweigh the evidence and displace the agency's choice between two fairly conflicting views. *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007). On appeal, the court reviews only the sufficiency of the evidence, not its weight. *Oldham v. Astrue*, 509 F.3d 1254, 1257-1258 (10th Cir. 2007). The statute governing judicial review of Social Security disability rulings specifies that the findings of the Commissioner of Social Security shall be conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). The term "substantial evidence" does not mean undisputed or unequivocal. Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. In the context of Social Security disability decisions, substantial evidence requires more than a scintilla, but less than a preponderance. *Lax*, 489 F.3d at 1084. "Evidence is insubstantial if it is overwhelmingly contradicted by other evidence." *O'Dell v. Shalala*, 44 F.3d 855, 858 (10th Cir. 1994). In other words, a decision is supported by substantial evidence unless the contrary evidence is so overwhelming that a conclusion different than the one made by the ALJ is compelled by that contrary evidence. The court finds that Dr. Snider's opinion does not compel a conclusion different from the ALJ's conclusion.

The ALJ accurately summarized Dr. Snider's report and his conclusion. [R. 23]. The ALJ stated he gave Dr. Snider's evaluation some weight. He noted Dr. Snider saw Plaintiff on one occasion and that some of Dr. Snider's conclusions were consistent with the finding

by Plaintiff's mental health providers, Green Country Free Clinic and Grand Lake Mental Health Center. However, the ALJ stated that the opinion that Plaintiff would have difficulty concentrating and persisting through a normal workday appears to be based on Plaintiff's subjective complaints and are not supported by the findings outlined by her mental health providers. [R. 23]. Further, the ALJ observed that Plaintiff's allegations regarding the frequency of alleged panic attacks are not supported by those clinic records. *Id.*

Plaintiff's mental health care providers noted she reported improvement on medication even though she was not entirely compliant with medication and failed to show up for scheduled medication training and support services. [R. 336-338]. No side effects from those medications were documented. The ALJ noted that the records reflect Plaintiff requested a letter from the psychiatrist stating she was unable to work. The record contains a letter from her therapist stating that she is a patient who receives medication management, nursing care, and therapy. [R. 387]. Plaintiff's records were evaluated by a Disability Determination Service (DDS) psychologist, Ron Cummings, Ph.D., who reviewed Plaintiff's medical records, including the evaluation by Dr. Snider, and found that Plaintiff could perform simple work with superficial contact with others and no public contact. [R. 56-57]. In making the RFC finding, Dr. Cummings noted that Dr. Snider's comment about Plaintiff's ability to maintain pace was made at one point in time and was not consistent with the rest of the information in her file. [R. 52].

The court finds that the ALJ adequately explained the reasons for the weight he gave Dr. Snider's opinion. The court further finds that the ALJ's explanation and RFC findings are supported by substantial evidence. There is, therefore, no basis for remanding the case.

## Conclusion

The court finds that the ALJ evaluated the record in accordance with the legal standards established by the Commissioner and the courts. The court further finds there is substantial evidence in the record to support the ALJ's decision. Accordingly, the decision of the Commissioner finding Plaintiff not disabled is AFFIRMED.

SO ORDERED this 16th day of February, 2017.

*Frank H. McCarthy*

FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE